1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY ARCEO,

            Petitioner,

    v.

AUDREY KING,

            Respondent.[1]

No.  2:14-cv-2712 GEB DB P

FINDINGS AND RECOMMENDATIONS

Petitioner is a civil detainee who is proceeding pro se and in forma pauperis in this petition for writ of habeas corpus challenging civil-commitment proceedings under California's Sexually Violent Predator Act ("SVPA"), which are ongoing. Respondent has moved to dismiss this action pursuant to Younger v. Harris, 401 U.S. 37 (1971). Petitioner opposes the motion. For the reasons set forth here, the undersigned will recommend that the motion be granted.

Except under narrow circumstances, federal courts abstain from interfering with pending state criminal proceedings. See Younger, 401 U.S. 37; Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir.1972); see also 28 U.S.C. § 2283 (federal courts may not enjoin state-court proceedings except in narrow specified circumstances). The principles announced in Younger apply equally to

---

[1] Audrey King, the Acting Executive Director of Coalinga State Hospital where petitioner is presently housed is substituted as the proper respondent in this action pursuant to Federal Rule of Civil Procedure 25(d).

1

1  pending state civil proceedings where "important state interests are involved." Middlesex Cty.

2  Ethics Committee v. Garden State Bar Ass'n ("Middlesex"), 457 U.S. 423, 432 (1982) (citations

3  omitted); see also Gilbertson v. Albright, 381 F.3d 965, 975 (9th Cir. 2004) (en banc) (Younger

4  principles apply to pending state civil proceedings that are judicial in nature, implicate important

5  state interests, and afford an adequate opportunity to present federal constitutional challenges);

6  see, e.g., Dannenberg v. Nakahara, 1998 WL 661467, at *1–*2 (N.D. Cal. Sept. 22, 1998)

7  (applying Younger abstention where habeas petition essentially asked federal court "to step into

8  the middle of a state civil [SVPA] commitment proceeding....").

9       Younger abstention is appropriate in civil cases where (1) the state judicial proceedings

10  are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings

11  provide an adequate opportunity to raise constitutional challenges. See Middlesex, 457 U.S. at

12  432; Kenneally v. Lungren, 967 F.2d 329, 331-32 (9th Cir. 1992). When all three of the Younger

13  criteria are met, a court must abstain and dismiss the federal action without prejudice, absent

14  extraordinary or special circumstances which pose a great and immediate threat of irreparable

15  injury. See Kenneally, 967 F.2d at 331 (Younger requires courts to abstain and dismiss federal

16  actions that seek to enjoin state proceedings "unless one of the recognized exceptions to Younger

17  is present"); see also Colorado River Water Conservation Dist. v. United States, 424 U.S. 800,

18  817 n.22 (1976) (Younger abstention not discretionary once conditions met); Beltran v. State of

19  California, 871 F.2d 777, 782 (9th Cir. 1988) ("Younger abstention requires *dismissal* of the

20  federal action.") (citations omitted, emphasis in original).

21       Here, all three criteria for Younger abstention are present and petitioner has not

22  demonstrated that his is one of the extraordinary cases where an exception to Younger abstention

23  is present.

24       First, it is apparent from the face of the Petition (Pet. at 7) that SVPA proceedings were

25  ongoing when petitioner filed the instant petition. See Beltran, 871 F.2d at 782 (for purposes of

26  Younger abstention analysis, the pendency of state proceedings is determined "at the time the

27  federal action was filed").

28  ////

2

1    Second, the SVPA proceedings implicate important state interests (i.e., protection of the

2    public from sexual predators). See Hubbart v. Superior Court, 19 Cal. 4th 1138, 1153 n.20 (1999)

3    (SVPA proceedings serve "compelling" state interests of protecting the public and providing

4    needed mental health treatment); Dannenberg, 1998 WL 661467, at *2 ("[SVPA] commitment

5    proceedings involve the important state interest of protecting the public from sexual predators.")

6    (citation omitted).

7    Third, abstention is appropriate because California SVPA proceedings provide an

8    adequate opportunity to raise constitutional challenges.  Under this third Younger criterion,

9    abstention is required unless petitioner can demonstrate that state law "clearly bars" the assertion

10   of his federal constitutional claims in the pending SVPA proceedings. See Middlesex, 457 U.S. at

11   432 (citation omitted).

12   Here, petitioner essentially complains that his designation as a sexually violent predator is

13   based on unreliable evidence, and that his attorney was ineffective for not objecting to this

14   evidence. Petitioner fails to demonstrate that his federal constitutional claims cannot be

15   adequately addressed either in the pending SVPA proceedings in Superior Court (to the extent the

16   Superior Court has not already addressed them), or on any direct appeal therefrom. See, e.g., In re

17   Smith, 42 Cal. 4th 1251 (2008) (addressing claim that continuation of SVPA proceedings after

18   felony conviction upon which SVPA petition was based was reversed on appeal violated

19   prospective SVPA committee's constitutional rights to due process and equal protection); People

20   v. Taylor, 174 Cal. App. 4th 920 (2009) (addressing due process, equal protection, double

21   jeopardy, and ex post facto challenges to SVPA commitment); People v. Hubbart, 88 Cal. App.

22   4th 1202, 1208-09 (2001) (noting that trial court and California Supreme Court considered, and

23   rejected on the merits, due process and equal protection challenges to application of SVPA);

24   People v. Buffington, 74 Cal. App. 4th 1149, 1152 (1999) (addressing merits of due process and

25   equal protection challenges to SVPA).

26   ////

27   ////

28   ////

3

1    Finally, although Younger abstention does not apply in cases where extraordinary

2    circumstances threaten great, immediate and irreparable injury, see Younger, 401 U.S. at 45-46,

3    53-54 (irreparable injury shown where statute flagrantly and patently violative of express

4    constitutional prohibitions); Perez v. Ledesma, 401 U.S. 82, 85 (1971) (federal injunctive relief in

5    pending state prosecutions proper in cases of proven harassment or prosecutions undertaken by

6    state officials in bad faith without hope of obtaining a valid conviction), petitioner fails to

7    demonstrate that this is such a case.

8    Accordingly, it is appropriate for this Court to abstain from considering petitioner's

9    challenges to the pending SVPA proceedings and dismiss the habeas petition and this action

10   without prejudice. See Babinski v. Voss, 323 Fed. Appx. 617 (9th Cir. 2009) (affirming dismissal

11   on Younger abstention grounds of habeas petition challenging ongoing California SVPA

12   proceedings); see also, e.g., Validivia v. Unknown, 2015 WL 1565435, at *1–*2 (C.D. Cal. Apr.

13   8, 2015) (John Walter, J.) (holding that Younger doctrine called for Court to abstain from

14   exercising jurisdiction over state prisoner's wholly unexhausted habeas petition); Hooper–Turner

15   v. Folsom Women's Facility, 2014 WL 1292102, at *1–*2 (C.D. Cal. Mar. 27, 2014) (Audrey

16   Collins, J.) (same); Romero v. Lewis, 2010 WL 5579886, *3 (C.D. Cal. Dec. 8, 2010) (same), R

17   & R adopted, 2011 WL 124652 (C.D. Cal. Jan. 13, 2011) (Fairbank, J.).

18   IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be granted, and

19   this action be dismissed without prejudice.

20   These findings and recommendations are submitted to the United States District Judge

21   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

22   after being served with these findings and recommendations, any party may file written

23   objections with the court and serve a copy on all parties.  Such a document should be captioned

24   "Objections to Magistrate Judge's Findings and Recommendations."

25   ////

26   ////

27   ////

28   ////

1         Any reply to the objections shall be served and filed within fourteen days after service of

2    the objections.  Failure to file objections within the specified time may waive the right to appeal

3    the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>,

4    951 F.2d 1153 (9th Cir. 1991).

5    Dated:  December 21, 2016

6

7    _____

8    DEBORAH BARNES
     UNITED STATES MAGISTRATE JUDGE

9

10   /DLB7;
     DB7/Inbox/Substantive/arce2712.mtd

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5