UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ARCEO, | No. 2:14-cv-2712 GEB DB P |
| Petitioner, | |
| v. | ORDER |
| AUDREY KING, | |
| Respondent.[1] | |

Petitioner is a civil detainee who is proceeding pro se and in forma pauperis in this petition for writ of habeas corpus challenging civil-commitment proceedings under California's Sexually Violent Predator Act ("SVPA"), which are ongoing. Respondent's motion to dismiss this action pursuant to Younger v. Harris, 401 U.S. 37 (1971), was granted on February 24, 2017, following the undersigned's adoption in full of the magistrate judge's findings and recommendations. Judgment was entered accordingly. Petitioner has now filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).

**I.   Legal Standards**

"[A] motion for reconsideration should not be granted, absent highly unusual

---

[1] Audrey King, the Acting Executive Director of Coalinga State Hospital where petitioner is presently housed is substituted as the proper respondent in this action pursuant to Federal Rule of Civil Procedure 25(d).

1

circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the Court in rendering its decision. United States. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009.

Additionally, pursuant to this court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

**II.     Discussion**

Petitioner moves for reconsideration on the ground that his objections to the findings and recommendations were not considered upon the undersigned's adoption of the latter. Petitioner's point is well-taken. By order dated January 25, 2017, petitioner was directed to file his objections to the findings and recommendations on or before February 15, 2017. (ECF No. 25.) While petitioner did file his objections, they were not received by the court until one week after that

deadline, on February 22, 2017, and not entered on the docket until February 23, 2017.[2] (ECF No. 26.) The magistrate judge's findings and recommendations were adopted on February 24, 2017, following an apparently unfortunate overlap of dates. Thus, to the extent petitioner asserts that his objections were overlooked, he is correct. That being said, the court has now reviewed petitioner's objections and concludes that it does not alter the undersigned's conclusion regarding the propriety of the magistrate judge's recommendation that the <u>Younger</u> abstention doctrine is appropriate in this case.

**III. Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that petitioner's motion for reconsideration (ECF No. 29) is GRANTED IN PART.

Dated: January 11, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[2] Pursuant to the prison mail box rule, which also applies to civil detainees, <u>see</u> <u>Jones v. Blanas</u>, 393 F.3d 918, 926 (9th Cir. 2004), petitioner's objections are deemed timely filed because they were deposited to the Coalinga State Hospital mail room on February 15, 2017. <u>See</u> ECF No. 26 at 41.

3