1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ANTHONY ARCEO,                          No.  2:14-cv-2712 GEB DB P

12                    Petitioner,

13        v.                                   ORDER

14    AUDREY KING,

15                    Respondent.

16

17         Petitioner, proceeding pro se, is a civil detainee of the state.  He has filed a motion for an

18    extension of time to "file a certificate of appealability."  (ECF No. 36.)  Petitioner is advised that

19    he must file both a notice of appeal with this court <u>and</u> a motion for a certificate of appealability if

20    he intends to appeal the judgment in this case.  <u>See</u> 9th Cir. R. 22-1(a) (citing Fed. R. App. P., R.

21    4 (notice of appeal) and R. 22 (certificate of appealability)).  Because petitioner is acting pro se

22    and is entitled to have his filings liberally construed, this court will consider petitioner's motion

23    as a motion for an extension of time to file both a notice of appeal and a motion for a certificate of

24    appealability.

25        **I.        Notice of Appeal**

26         A notice of appeal, or a motion for an extension of time to file a notice of appeal, must be

27    filed within thirty days of this court's final order in this matter.  <u>See</u> Fed. R. App. P. 4.  On

28    February 24, 2017, the court granted respondent's motion to dismiss and declined to issue a

certificate of appealability.  (ECF No. 27.)  Judgment was also entered on February 24, 2017.

(ECF No. 28.)  On March 13, 2017, petitioner moved for reconsideration under Federal Rule of

Civil Procedure 59(e).  (ECF No. 29.)  Petitioner argued that the district judge had not considered

his objections to the magistrate judge's findings and recommendations.  Petitioner also requested

the court grant him a certificate of appealability.

In an order filed January 11, 2018, the court agreed to reconsider its ruling and affirmed

the order granting respondent's motion to dismiss and denying a certificate of appealability.  (ECF

No. 35.)  A notice of appeal, or motion to extend the deadline to file one, should have been filed

thirty days later, by February 10, 2018.  It appears that petitioner filed his current motion for an

extension of time on January 7, 2018, the date he submitted his motion to authorities for mailing

according to the certificate of service attached to his filing.[1]  See Houston v. Lack, 487 U.S. 266,

270 (1988); Davis v. Woodford, 446 F.3d 957, 960 (9th Cir. 2006) ("Under the mailbox rule, if an

inmate deposits a notice of appeal in the institution's internal mail system on or before the last day

for filing, the notice is timely.").  Therefore, petitioner's motion appears to be timely.

In order to succeed on a motion for an extension of time to file a notice of appeal,

petitioner must show "excusable neglect or good cause."  Fed. R. App. P. 4(a)(5).  Petitioner

contends a prison lockdown and injuries making it difficult to type, among other things, caused

him to be unable to file a timely motion.  (ECF No. 36 at 3-4.)  The court finds petitioner has

shown good cause for an extension of time.

Petitioner seeks a 90-day extension of time.  However, Rule 4 permits only a 30-day

extension.  Fed. R. App. P. 4(a)(5)(C).  Therefore, petitioner must file a notice of appeal by

submitting the document to prison authorities for mailing to this court on or before March 10,

2018.

////

////

---

[1] It appears likely petitioner submitted his filing to authorities after that date because he discusses receiving the court's January 11 order on January 15, 2018.  (ECF No. 36 at 3.)  Nonetheless, the court will accept petitioner's representation of the date he provided his motion to authorities for mailing.

**II.     Motion for Certificate of Appealability**

With respect to petitioner's request for a certificate of appealability, the district court considered, and rejected, his request for a certificate of appealability when it ruled on his motion for reconsideration.  Petitioner must then seek a certificate of appealability from the Court of Appeals.  See 9th Cir. R. 22-1.  The Court of Appeals' rules require that petitioner make that motion within 35 days of the final order of the district court, which in this case was filed on January 11, 2018.  Id.  Therefore, petitioner's motion was due on February 15, 2018.  If petitioner seeks an extension of the 35-day deadline for filing a motion for a certificate of appealability, he must seek it from the Court of Appeals.  However, he should do so either at the time he files his notice of appeal, or shortly thereafter.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's request for an extension of time (ECF No. 36), construed as a request for an extension of time to file a notice of appeal, is granted.

2. If petitioner wishes to appeal the judgment in this case, he must file a notice of appeal with this court by submitting it to prison authorities for mailing by March 10, 2018.

3. Any request for an extension of time to file a request for a certificate of appealability should be addressed to the Court of Appeals.

Dated:  February 22, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/orders/prisoner-habeas/arce2712.111(2)

3